UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

SEGUNDO MOROCHO,                                             Civil Action

                    Plaintiff,

  -against-

                                                                     JURY TRIAL

City of New York,
Officer _____ Henry (Tax ID #938653),
"JOHN DOES" & "JANE DOES,"
(All identified and unidentified police officers
are sued in their individual and official capacities),

                    Defendants.

------------------------------------------------------X

SEGUNDO MOROCHO, by his attorney, and for cause of action against THE CITY OF NEW YORK, Officer _____ Henry (Tax ID #938653, "JOHN DOES" & "JANE DOES," (All identified and unidentified police officers are sued in their individual and official capacities) (Collectively, "Defendants") alleges and shows as follows:

PRELIMINARY S T A T E M E N T

1. This is a civil rights action in which plaintiff SEGUNDO MOROCHO seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, as amended and codified by 42 U.S.C. § 1983, by the United States Constitution, including the Fourth and Fourteenth Amendments. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable, an award of costs, attorney's fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for false arrest and malicious prosecution that Plaintiff suffered

regarding his reputation and repercussions of these acts and such other and further relief as this court deems equitable and just.

## JURISDICTION AND VENUE

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question) and 1343 (a) (3) and (4), this being an action seeking redress for the violation of the plaintiffs constitutional and civil rights.

3. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. and 42 U.S.C. §1981.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as plead herein.

## VENUE

5. The Court has personal jurisdiction and venue is proper in the Southern District of New York under 28 U.S.C. § 1391 (b) and each Defendant maintains sufficient contacts with the State of New York and regularly conducts business in the district of this court.

6. All conditions precedent to filing this cause of action have been met.

## PARTIES

7. Plaintiff, SEGUNDO MOROCHO (hereinafter "Plaintiff'), is a citizen and resident of the City of New York and the State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and duly incorporated and existing pursuant to the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK is authorized by law to maintain the police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant, CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk of the services provided by the New York City Police Department.

14. Defendant Officer _____ Henry (Tax ID #938653) is a police officer with the New York City Police Department.

15. Defendants "JOHN DOES" & "JANE DOES" are unidentified police officers with the New York City Police Department.

16. Defendants "JOHN DOES" & "JANE DOES" are unidentified civilians with addresses that are unknown to plaintiff at this time.

17. The Defendant City of New York may be serviced with summons and verified complaint by serving the City of New York, Law Department, Corporation Counsel, 100 Church Street, New York, N.Y. 10007, pursuant to N.Y. Civil Practice Law & Rules §311(2).

18. Defendants, Officer _____ Henry (Tax ID #938653), may be served by service at New York City Police Department, Legal Bureau, One Police Plaza, Rm. 1406, New York, NY 10038.

19. Defendants "JOHN DOES" & "JANE DOES" may be served by service at New York City Police Department, Legal Bureau, One Police Plaza, Rm. 1406, and New

York, NY 10038.

20. Defendants "JOHN DOES" & "JANE DOES" may be served at a time and place discoverable upon commencement of discovery.

21. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that such Defendants' officers, managers, agents, servants, and/or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such Defendants or was done in the routine course and scope of employment of Defendants' managers, agents, servants, or employees.

22. Plaintiff is a resident of Kings County in the City of New York and the State of New York.

23. The respondent, CITY OF NEW YORK (hereinafter "CITY") is and was at all times relevant herein a municipal entity created and duly incorporated and existing pursuant to the laws of the State of New York.

24. Defendant, **Officer _____ Henry (Tax ID #938653) and "JOHN DOES" & "JANE DOES"** are unidentified enforcement officers and employees, agents and servants of defendants the CITY and NYPD, all sued in their individual and official capacities.

25. Defendants "**JOHN DOES" & "JANE DOES "are** civilians who jointly and severally with other defendants violated plaintiff's rights.

26. On November 25, 2013, at approximately 10:30 am, plaintiff telephoned 911 and complained that an African American individual had broken and entered into my

apartment at 871 Hart Street, Brooklyn, NY, apartment 3L.

27. Two officers came to the scene and informed plaintiff that he should replace the locks and telephone the police again if the perpetrator returned.

28. Plaintiff replaced the locks immediately.

29. At approximately 12:00pm, the trespasser returned and refused to leave.

30. Plaintiff again telephoned 911.

31. Police Officer Henry (first name unknown, tax Registry # 938653) arrived with five other officers.

32. Plaintiff explained to Officer Henry that he telephoned the police less than an hour before and the officer who appeared in response to his call told plaintiff in Spanish to replace the locks and to call the police if the perpetrators returned to the apartment.

33. Officer Henry would not hear what plaintiff said nor did he review the documents plaintiff showed him. These documents demonstrated that Mrs. Maria Yunga lived in the apartment and had voluntarily surrendered the keys.

34. Officer Henry only spoke to the trespasser who insisted that he lived there because he had lived with Mrs. Maria Yunga.

35. There were at least eleven people present who would have told Officer Henry that Mrs. Yunga left the apartment in broom swept condition weeks before.

36. They witnessed how plaintiff had cleaned and prepared the apartment for inspection by the new owner just two days before.

37. They were also able to assure Officer Henry that the trespasser lived in the apartment house next door and not on plaintiff's property.

38. Plaintiff told the Officer Henry to telephone Mrs. Yunga but the officer refused.

39. Plaintiff showed the Officer Ms. Yunga's lease. He refused to see it or hear plaintiff.

40. Instead, Officer Henry called plaintiff a "fucking shit," a "stupid Latin" and a "fucking Spanish."

41. Officer Henry also searched plaintiff's pockets, took his keys and forced plaintiff to open the basement in order to enter and effectuate a search of the basement without plaintiff's consent.

42. While yelling, Officer Henry forcefully grabbed plaintiff, forcibly twisted his arms behind his back, causing plaintiff serious injury.

43. Officer Henry then handcuffed plaintiff without cause.

44. Plaintiff remained handcuffed for three hours in the presence of his family and neighbors and was humiliated and physically abused.

45. He suffered severe injury to his neck, left shoulder and body.

46. Although the other officers told Officer Henry to let plaintiff go, Officer Henry refused.

47. Officer Henry also forbid plaintiff from entering the apartment house, which is his property.

48. Plaintiff was arrested and falsely charged with conducting an illegally eviction. See

Exhibit A- Court summons.

49. Plaintiff was ordered to appear in court on February 28, 2014 and on subsequent dates.

50. The alleged victim never appeared in court.

51. The case was ultimately dismissed for lack of a witness.

52. Plaintiff suffered severe physical injury, emotional distress, and humiliation because of the false allegations contained in the criminal complaint.

53. Plaintiff was also unjustly forced to expend large sums of money on legal fees so that he may fully vindicate his rights.

54. Plaintiff seeks to recover these damages from defendants, the City of New York, Officer Henry and John Does & Jane Does in their individual and official capacities and against civilian John Does & Jane Does.

55. Defendants knew or should have known, had they received proper supervision and training, that plaintiff could not have committed the crime charged.

56. Defendants failed to obtain exculpatory evidence and acted with gross malice in charging plaintiff falsely with a crime he had not committed.

57. Over the course of months plaintiff was forced to return to court to contest the false charges.

58. Due to defendants' gross racial profiling, wrongful arrest, malicious prosecution, unnecessary and excessive use of force, plaintiff suffered physical and financial injury.

59. Plaintiff also suffered humiliation and emotional distress and incurred legal fees and other damages.

60. Defendants were fully aware that the arrest was racially motivated, that plaintiff had not committed the crimes he had been charged with and that he was wrongfully charged.

61. Defendants also knew that plaintiff would be injured by their malicious conduct.

## Count One – Racial Profiling and Discrimination

62. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

63. Plaintiff is a male Hispanic.

64. Because of Plaintiffs race he belongs to a group of persons that 42 U.S.C. § 2000e, et seq. (Title VII of the 1964 Civil Rights Act, as amended) intended to protect against discrimination.

65. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants discriminated against Plaintiff because of his race, all in violation of his constitutional and statutory rights.

66. Furthermore, Defendants acted with reckless indifference to the federally protected rights of the Plaintiff.

67. Because of Defendants' discriminatory actions, Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of income.

68. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

## Count Two – False Arrest

69. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

70. By the above-described acts and by tolerating and failing to take affirmative action to correct these unlawful practices, properly supervise and train defendants, defendants violated plaintiff's constitutional and statutory rights.

71. Furthermore, Defendants acted with reckless indifference to the federally protected rights of the Plaintiff.

72. Defendant unlawfully and without privilege to do so confined Plaintiff without Plaintiff's consent.

73. Plaintiff was at all times conscious of his confinement.

74. Because of Defendants' wrongful actions, Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of income.

75. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

## Count Three- Malicious Prosecution

76. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

77. By the above-described acts and by tolerating and failing to take affirmative

action to correct these unlawful practices, properly supervise and train defendants, defendants discriminated against Plaintiff because of his race, all in violation of his constitutional and statutory tights.

78. Furthermore, Defendants acted with malice and reckless indifference to the federally protected tights of the Plaintiff.

79. Because of Defendants' discriminatory actions Plaintiff suffered adverse physical, mental, emotional and financial harm, including loss of business.

80. Plaintiff also suffered humiliation, damage to his reputation, emotional pain, mental anguish and inconvenience.

## DAMAGES

81. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged herein.

82. As a result of Defendants' violations of the above stated federal statutes and constitutions, Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated damages, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest, and other and further relief as the court deems appropriate under the circumstances.

## ATTORNEY'S FEES

83. Plaintiff realleges each and every allegation contained in the foregoing paragraphs and these are incorporated by reference as though fully realleged

herein.

84. As a further result of Defendant's acts and omissions, as specifically set forth herein, it was necessary for Plaintiff to secure counsel to present and prosecute this matter on his behalf and defend against the bogus charges.

85. Plaintiff has retained the services of the undersigned counsel of record, and accordingly, Plaintiff sues for reasonable attorney's fees as provided by statute.

## PRAYER FOR RELIEF

**WHEREFORE,** PREMISES CONSIDERED, cause having been shown, Plaintiff SEGUNDO MOROCHO prays that the Court enter judgment:

a. Declaring that each Defendant's actions were in violation of its legal duty to comply with law;

b. For actual and liquidated damages for the period of time provided by law, for compensatory and punitive damages for the willful, wanton, malicious and conscious disregard of Plaintiff's legal rights;

c. Plaintiff seeks equitable relief, compensatory and punitive damages, liquidated damages, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest; and

d. For any other and further relief as the court deems appropriate under the circumstances.

Respectfully Submitted,

Wanda Sanchez-Day PC
Federal Id. No. WD3076
L 18-35 Queens Blvd., Suite 1709
Telephone:   (646) 479-9517
Facsimile:   (646) 217-3706
ATTORNEYS FOR PLAINTIFF

## COMPLAINT VERIFICATION

SEGUNDO MOROCHO, being duly sworn, eposes and says: I am the plaintiff in the above action. I have read the foregoing document and know the contents. The contents are true to my own knowledge except as to the matters stated upon information and belief, and as to those matters I believe them to be true.

Dated:  September 11, 2015
        Queens, NY

_Segundo S. [signature]_
SEGUNDO MOROCHO

**WANDA SANCHEZ DAY**
Notary Public, State of New York
No. 02DA6152458
Qualified in Queens County
Commission Expires: Sept. 11, 201_

Civil Case No.                          Filed:\_\_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEGUNDO MOROCHO,

                                          Plaintiff,

        -against-

City of New York,
Officer _____ Henry (Tax ID #938653),
"JOHN DOES" & "JANE DOES,"
(All identified and unidentified police officers
are sued in their individual and official capacities),

                                          Defendants.

**SUMMONS AND VERIFIED COMPLAINT**

---

THE LAW OFFICE OF WANDA SANCHEZ DAY, PC
ATTORNEYS FOR PLAINTIFF
118-35 Queens Blvd., Suite 1709
Forest Hills, NY 11375
Telephone: (646) 479-9517
Facsimile: (646) 217-3706
wsanzday@yahoo.com

Due and timely service is hereby admitted,
New York, NY----------------------------------------, 2015


Attorney for ------------------------------------------------------